IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VIRGINIA GREY,

    **Plaintiff,**

vs.                                                                   No. CIV 98-989 MV/JHG

**HENRY STACHURA, M.D.,**
**JAMES MALCOLMSON, M.D.;**
    **Defendants.**

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Strike Defendant's Expert for Failure to Comply With Scheduling Deadlines, filed September 3, 1999 **[Doc. No. 46]**. The Court, having considered the pleadings, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**. However, the Court strongly admonishes Defendant's conduct in this matter and cautions Defendant against any further delays.

## **BACKGROUND**

Plaintiff Grey brings this medical malpractice claim against Defendant John Malcolmson, M.D. Pursuant to this Court's May 18, 1999, Order Extending Discovery Deadlines, the Defendant was required to provide its expert witness disclosures under Federal Rule 26(a) no later than May 13, 1999. On April 16, 1999, Defendant identified his expert witness as Armando Angel, M.D. and specified that the expert witness report would be provided as soon as Dr. Angel had an opportunity to review the medical records and the depositions of Plaintiff's experts. The Defendant's expert report was not in fact submitted until August 4, 1999, close to three months after the Court's expert disclosure deadline. Trial was initially set for November 8, 1999, but has

been rescheduled at the request of the parties for January, 2000.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 37 authorizes a court to issue sanctions against a party who fails to comply with discovery obligations. Rule 37(c) provides, in relevant part, that

> "[a] party that *without substantial justification* fails to disclose information required by Rule 26(a) or 26(e)(1)...shall not, *unless such failure is harmless*, be permitted to use as evidence at trial, at hearing, or on any motion any witness or information not so disclosed," (emphasis added).

The trial court has broad discretion in determining whether a discovery violation under Rule 26(a) is justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life*, 170 F.3d 985, 993 (10th Cir. 1999). In exercising its discretion the court should consider the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the party's bad faith and willfulness in failing to make the required disclosures. *Id.*

## ANALYSIS

Applying these principals to the present case, the Court finds that although Defendant acted in bad faith by failing to disclose the expert report, there is no actual prejudice to Plaintiff to justify the harsh remedy of striking Defendant's witness.

Defendant offers three justifications for his delay in providing the expert disclosure: (1) that Plaintiff's expert witness Dr. W. Owen Cramer is not qualified to testify as to the standard of care provided by Defendant and therefore there was no basis upon which Dr. Angel could make his own expert report; (2) that Plaintiff is at fault for failing to depose Dr. Angel; and (3) discovery will need to be extended in any event because Defendant has been unable to schedule

the depositions of Plaintiff Virginia Grey and her daughter due to the health problems of both witnesses. The Court will address each of these reasons in turn.

Defendant first argues that the expert witness identified by Plaintiff is not an expert in the same field of medicine as Defendant and therefore is not qualified to testify as to the standard of care provided by Defendant. According to Defendant, his expert witness, Dr. Angel, was unable to make his expert report because Plaintiff's own expert report was improper. The Court finds this argument to be disingenuous for a number of reasons. First, Defendant's contention regarding the qualifications of Plaintiff's expert witness is based upon an erroneous interpretation of New Mexico law and was resolved in this Court's October 15, 1999, Order Denying Defendant's Motion for Summary Judgement. Second, assuming arguendo that Plaintiff's expert witness was not properly qualified to testify in this matter, Defendant is unable to provide the Court with any reason as to why Dr. Angel required Plaintiff's expert report to make his own report. In fact, Dr. Angel eventually did produce a satisfactory report relying solely on the Plaintiff's medical record. Finally, Plaintiff's alleged failure to produce a qualified expert witness does not excuse Defendant from complying with the Court ordered discovery schedule without leave of the Court.

Defendant next justifies its delay by pointing out that Plaintiff did not attempt to depose Dr. Angel. This argument fails to buttress Defendant's position. Plaintiff is in no way obliged to conduct further costly discovery to compensate for Defendant's failure to comply with discovery deadlines.

Finally, Defendant argues that no prejudice has arisen from Defendant's failure to make a timely expert witness disclosure because a discovery extension will be required anyway to

complete the depositions of Plaintiff and her daughter.  The Court fails to see how Defendant's refusal to comply with a Court ordered discovery schedule is justified simply because it does not result in prejudice.

Despite Defendant's inability to justify its delay in the expert witness disclosure, the Court's rescheduling of the trial from November 8, 1999, to January 10, 2000, has eliminated any possible prejudice to Plaintiff.  Plaintiff will have sufficient time to complete the discovery process with regard to Defendant's expert witness.  Therefore, the Court finds that the extreme sanction of striking Defendant's expert witness is not appropriate in this instance.  The Court is mindful, however, that Defendant's delay was made was done willfully, in bad faith, and has not satisfactorily been excused.  The Court advises Defendant that no further delays in completing discovery will be tolerated.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendant's Expert for Failure to Comply With Scheduling Deadlines, filed September 3, 1999 **[Doc. No. 46]**, is **DENIED**.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorney for Plaintiff:
  James P. Lyle

Attorney for Defendant:
  J. Douglas Compton