# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**VIRGINIA GREY**,

    **Plaintiff,**

vs.                                                        No. CIV 98-989 MV/JHG

**HENRY STACHURA, M.D and**
**JAMES MALCOLMSON, M.D.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant James Malcolmson M.D.'s Motion for Summary Judgment **[Doc. No. 41]**. The Court, having considered the motion, response, reply, surreply, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**, as explained below.

## BACKGROUND

In this action, Plaintiff Virginia Grey ("Grey") brings a claim for medical malpractice against James Malcolmson, M.D.[1]

**A.**     **Undisputed Material Facts**

---

[1] The other Defendant has previously been dismissed by stipulation or by decision of this Court.

For the purpose of resolving this motion, the Court finds that the following are the uncontested facts, as demonstrated by the record:

1.   In March of 1996, Plaintiff Grey was diagnosed with symptomatic gallbladder disease by Defendant Malcolmson, and referred to Henry Stachura, M.D. for surgery.

2.   After surgery was completed in April, Plaintiff was taken to the Emergency Department of Sierra Vista Hospital on April 25, 1996, following complaints of fever. She was admitted there by Defendant to rule out infection. At that time, Plaintiff was treated with intravenous antibiotics, hydrated and given pain medication. Plaintiff was discharged on May 2, 1996, with antibiotics and other medication.

3.   On May 22, 1996, after completing her course of antibiotics, Plaintiff was again admitted by Defendant to Sierra Vista Hospital with dehydration, sespis, anemia and infection. Grey was again treated with antibiotics and intravenous hydration. On May 28, 1996, Plaintiff was discharged at the request of her family and transferred to St. Joseph's Hospital in Houston, Texas for continued post-surgery care. Eventually, Plaintiff was treated surgically at St. Joseph's Hospital for chronic bile injury sustained during her gall bladder surgery.[2]

4.   Plaintiff filed her complaint for medical malpractice against Defendant on August 14, 1998, claiming that he had negligently failed to diagnose her post-operative condition.

5.   On March 1, 1999, pursuant to the Court's Scheduling Order, Plaintiff filed her Expert Disclosures and Reports as required under Federal Rule of Civil Procedure 26(a)(2). Plaintiff identified two independent medical expert witnesses: Dr. Owen Cramer, an independent expert in

---

[2] Defendant is without knowledge as to this fact and therefore denies it in his Answer to Plaintiff's Complaint at ¶ 14. However, for the purpose of clarity, the Court includes it.

the field of general surgery, and Dr. Gordon, an independent expert in the field of general and laporascopic surgery.

6. Defendant James Malcolmson, M.D., is a physician of internal medicine, primary care.

**B. Contested Issues Between the Parties**

Defendant contends that under New Mexico law, the essential elements of a medical malpractice claim must be proved by expert medical testimony. Defendant argues that the expert testimony must be provided by a physician who practices in the same field of medicine as Defendant, internal medicine. Defendant further asserts that Dr. Owen Cramer, the expert witness identified by Plaintiff, cannot provide testimony to sustain a claim of medical malpractice because he does not practice in the same field of medicine as Defendant. Furthermore, Defendant argues that Plaintiff's expert witness has not offered sufficient facts to prove the essential elements of medical malpractice as required under New Mexico law. Memorandum in Support of Defendant's Motion for Summary Judgment **[Doc . No. 42]**.

Plaintiff disputes Defendant's contention that the expert testifying regarding medical malpractice must be in the same are of practice as Defendant. Plaintiff responds that under New Mexico law, a plaintiff may prove the elements of medical malpractice by any practitioner whose experience and training provides sufficient foundation for his testimony. Plaintiff further claims that she has provided evidence from an expert witness proving the elements of medical malpractice. Plaintiff's Opposition to Defendant's Motion for Summary Judgment **[Doc. No. 44].**

The two issues in dispute between the parties are (1) whether the expert witness is qualified to testify as to Defendant's negligence and (2) whether the evidence provided by Plaintiff through the expert witness will be sufficient to prove a claim of medical malpractice.

**STANDARD OF REVIEW**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case."*Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

# ANALYSIS

The dispostive issue presented on this Motion is whether Plaintiff's evidence that Defendants negligently failed to diagnose her post-operative injury is sufficient to preclude summary judgment in favor of Defendant on the claim of medical malpractice. The Court concludes that it is.

Under New Mexico law, in order to prove medical malpractice, a plaintiff has the burden of showing that (1) the defendant owed the plaintiff a duty recognized by law; (2) the defendant breached the duty by departing from the proper standard of medical practice recognized in the community; and (3) the acts or omissions complained of proximately caused the plaintiff's injuries. *Blauwkamp v. University of New Mexico Hospital*, 114 N.M. 228, 231-32 (Ct.App.1992). Expert medical testimony regarding the proper standard of medical care is required where the alleged negligence is particularly within the knowledge of doctors, and in which a layperson would be presumed to be informed. *Pharmseal Laboratories, Inc. v. Goffe*, 90 N.M. 753, 758 (Ct. App. 1967). Defendant contends that an expert witness in a medical malpractice case must practice in the same speciality as that of the Defendant. Memorandum of Support for the Motion for Summary Judgment **[Doc No. 42]**. New Mexico case law does not support Defendant's position. An expert testifying regarding medical malpractice does not need to be in the same specialty of practice as the Defendant. *Blauwkamp*, 114 N.M. at 233. The mere fact that the expert witness is not a specialist goes to the weight, not the admissibility, of the expert testimony. *Id* at 233; *Sewell v. Wilson*, 97 N.M. 523, 528 (Ct. App.), *cert denied*, 98 N.M. 50 (1982). Rather, an expert medical witness may provide testimony regarding a field of practice outside of her own expertise as long as the witness' experience or training provides a sufficient foundation for the testimony. *Id.* The court must only be satisfied that, by education, training and experience, the non-specialist witness is qualified to testify

to the knowledge, skill and care ordinarily used by reasonably well-qualified doctors in the same field of medicine as that of the defendant, practicing under similar circumstances, giving due consideration to the locality involved. *Blauwkamp,* 114 N.M. at 233. The court has discretion in making the initial determination as to the expert witness' qualifications. *City of Santa Fe v. Gonzale*s, 80 N.M. 401 (1969); *Blauwkamp*, 114 N.M. at 234. In resolving the witness' qualification the court may consider whether the witness has sufficiently set forth her training and experience and has explained how and why she arrives at her opinions regarding the defendant's medical care. *Blauwkamp*, 114 N.M. at 234-5; *Sewell*, 97 N.M. at 528.

Applying these principles to the present case, the Court determines that Plaintiff has established a sufficient foundation for the testimony of her expert medical witness, Dr. W. Owen Cramer. The affidavit of Dr. Cramer sets forth his experience and training to the satisfaction of the Court. Dr. Cramer provided the Court with a curriculum vitae which demonstrates that he has been practicing medicine for over twenty years and is a board certified surgeon. He further states that as a surgeon he has become familiar with the standard of care expected of internists in providing post-surgical care. Affidavit of W. Owen Cramer, M.D. ¶ 6 **[Doc. No. 53]**. Therefore, the fact that Dr. Cramer does not practice in the same area of specialty as Defendant is not fatal to Plaintiff's claim of medical malpractice. Upon reviewing Dr. Cramer's affidavit, the Court finds that he is qualified to testify as to the standard of care provided by Defendant.

Plaintiff has also demonstrated that Dr. Cramer's testimony will set forth the essential elements of medical malpractice, including a showing that (1) the defendant departed from the proper standard of medical practice recognized in the community; and (2) the acts or omissions complained of proximately caused the plaintiff's injuries. Dr. Cramer states that Defendant's failure to make a

timely diagnosis of Mrs. Grey and to refer her for further evaluation was "medically inadequate and negligent." Dr. Cramer also sets forth the basis of his opinion regarding Defendant's standard of medical care. Dr. Cramer states, after reviewing various hospital records, Defendant's office records, and Defendant's deposition, that Defendant had enough information to recognize Plaintiff's post-operative injuries and should have been able to properly diagnose and arrange treatment for these injuries. Finally, Dr. Cramer also indicates that Defendant's failure to properly diagnose Plaintiff was the proximate cause of her post-operative complications, stating that "the delay of approximately one (1) month complicated Mrs. Grey's condition and caused the ultimate repair...to be needlessly delayed and to become more difficult." Affidavit of W. Owen Cramer at M.D. ¶¶ 6-8 **[Doc. No. 53]** The Court finds, based upon Plaintiff's briefs and supporting material, that Dr. Cramer will offer testimony as to Defendant's alleged negligence, satisfying Plaintiff's burden to prove the essential elements of medical malpractice.

## CONCLUSION

Viewing the facts in the light most favorable to Plaintiff, the nonmoving party, the Defendant is not entitled to judgment as a matter of law. The parties disagree as to whether Defendant departed from the proper standard of medical practice recognized in the community; and whether the acts or omissions complained of proximately caused the plaintiff's injuries. *See, Blauwkamp*, 114 N.M. at 231-32. Thus, there is a genuine issue as to this material fact making summary judgment inappropriate. *Celotex*, 477 U.S. at 324. Plaintiff has demonstrated sufficient facts regarding her claim of medical malpractice to warrant presenting the issue to a jury.

**WHEREFORE,**

**IT IS THEREFORE ORDERED** that Defendant James Malcolmson, M.D.'s, Motion for Summary Judgment **[Doc. No. 41]** is hereby **DENIED**.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorney for Plaintiff:
  James P. Lyle

Attorneys for Defendant:
  J. Douglas Compton